UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

RYAN WILLIAM POE                                                          PETITIONER
# 9805

V.                          No. 3:22-CV-248-DPM-JTR

ADAM WEEKS                                                               RESPONDENT

### RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to Chief United States District Judge D. P. Marshall Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

I.   Discussion

On September 22, 2022, Petitioner Ryan William Poe ("Mr. Poe"), a pretrial detainee incarcerated in the Sharp County Detention Center, filed a *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging his pending juvenile criminal proceeding in Sharp County Circuit Court. *Doc. 2*. In the Petition, Mr. Poe argues: (1) the state judge presiding over his criminal proceeding, Circuit Court Judge Adam Weeks, set an excessive $25,000 "cash only" bail in violation of his

Eighth Amendment rights; (2) inadmissible hearsay was introduced during his detention hearing; (3) he was "in a[n] inculpable state of mind" during the underlying criminal offense; and (4) he is being denied his right to a speedy trial in violation of his Sixth Amendment rights. *Id.* at 6–7. As relief, Mr. Poe seeks "to be released from detention" and to have his "criminal case potentially dismissed." *Id.* at 7.

Mr. Poe's § 2241 Petition fails for several reasons.

First, Mr. Poe's arguments regarding inadmissible hearsay and culpability are grounded in *state* law. Federal habeas corpus review focuses on whether the Constitution, law or treaties *of the United States* have been violated and relief may not be granted for state law errors. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). Accordingly, only Mr. Poe's Eighth Amendment excessive bail and Sixth Amendment speedy trial claims are cognizable in this § 2241 action.

However, those claims too must fail because it appears that Mr. Poe has failed to exhaust his administrative remedies in state court. He alleges only that he has filed a grievance with the Sharp County Detention Center and a § 1983 action in the Eastern District of Arkansas. *Doc. 2 at 2–3, 7*. These actions fall far short of establishing that he exhausted his state remedies. *See Braden v. 30th Jud. Cir. Ct. of Kentucky*, 410 U.S. 484, 490 (1973) (finding pretrial detainee exhausted his speedy trial claim by making "made repeated demands for trial" in state court); *Trujillo v.*

*State*, 2016 Ark. 49, 2 (2016) (state criminal defendants may challenge excessive bail by filing a petition for writ of certiorari with Arkansas Supreme Court).

Finally, this Court must be "conscious of the need to prevent…derailment of pending state proceedings," which would occur if pretrial detainees were allowed "to litigate constitutional defenses prematurely in federal court." *Wingo v. Ciccone*, 507 F.2d 354, 357 (8th Cir. 1974); *Braden v. 30th Jud. Cir. Ct. of Kentucky*, 410 U.S. 484, 493 (1973). Thus, "[a]bsent extraordinary circumstances, federal courts should not interfere with the states' pending judicial processes prior to trial and conviction, even though the prisoner claims he is being held in violation of the Constitution." *Wingo*, 507 F.2d at 357 (citing *Braden*, 410 U.S. at 507–08 (Rehnquist, J., dissenting)).

Without access to the state court records, the Court cannot confirm exactly how long Mr. Poe has been incarcerated on the alleged excessive bond or waiting for trial.[1] However, Mr. Poe alleges that the detention hearing took place in April 2022 and, based on the state case number, the juvenile proceedings have been pending for less than a year. *Doc. 1 at 2* (noting Sharp County Circuit Court case number is 68JV-**2022**-52). These circumstances are simply not extraordinary enough

---

[1] A search of Arkansas' public records does not reveal any criminal proceedings for Mr. Poe. *See* CourtConnect, ARKANSAS JUDICIARY, https://caseinfo.arcourts.gov/ (last visited Oct. 11, 2022). This is likely due to the confidentiality of juvenile court records. *See* Ark. Code. Ann. § 9-27-309(a) (with some exceptions, "[a]ll [juvenile court] records may be closed and confidential within the discretion of the circuit court.").

3

to justify this Court's interference with the state proceedings. *Cf. Branden*, 410 U.S. at 489–92 (exercise of federal jurisdiction warranted over speedy trial claim where indictment was over three years old, further delays in trial would prejudice petitioner's ability to defend himself and his opportunity for parole, and petitioner had fully exhausted state remedies).

## II.   Conclusion

Because "it plainly appears from the petition…that [Mr. Poe] is not entitled to relief," summary dismissal of his § 2241 Petition is warranted. Rule 4, Rules Governing Section 2254 Cases in the United States District Court; § 2254 Rule 1(b) (permitting district courts to apply the § 2254 rules to other habeas actions); *see also* 28 U.S.C. § 2243.

IT IS THEREFORE RECOMMENDED THAT all claims asserted in Petitioner Ryan William Poe's 28 U.S.C. § 2241 Petition (*Doc. 1*) be DENIED, and this case be DISMISSED, without prejudice.

Dated this 11th day of October, 2022.

_____
UNITED STATES MAGISTRATE JUDGE